**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of ARCHITECTURAL WINDOW SYSTEMS, INC., a Washington corporation, a/k/a ALUMINUM WINDOW SYSTEMS OF WASHINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>RECORD STEEL & CONSTRUCTION, INC., an Idaho corporation, and SAFECO INSURANCE COMPANY OF AMERICA, INC., a Washington corporation,<br><br>    Defendants. | CASE NO.<br><br>**COMPLAINT** |

**COMES NOW** Architectural Window Systems, Inc., a Washington corporation, a/k/a Aluminum Window Systems of Washington, "use" Plaintiff in the above-captioned action and for its Complaint against the Defendants, Record Steel and Construction, Inc., an Idaho corporation, and Safeco Insurance Company of America, Inc., a Washington corporation, states and alleges as follows:

**INTRODUCTION AND PARTIES**

1. Use Plaintiff, a supplier and installer of aluminum and metal framed windows, storefront, curtain wall, and entrances subcontracted with the Defendant, Record Steel and Construction, Inc., to provide materials and labor on a federal

construction project at Offutt Air Force Base, Sarpy County, Nebraska, and pursuant to the Miller Act, 40 U.S.C. § 270a et seq., brings this action against the Defendant for failure to pay.

2.  Use Plaintiff, Architectural Window Systems, Inc., whose trade name is Aluminum Window Systems of Washington (hereinafter "AWSW"), is a corporation formed and existing under the laws of the State of Washington and is in good standing thereunder, with its principal place of business located at 24512 104th Avenue SE, Kent, Washington  98030.

3.  On information and belief, Defendant, Record Steel and Construction, Inc. (hereinafter "RSCI"), is a corporation formed and existing under the laws of the State of Idaho, and is in good standing thereunder, with its principal place of business located at 1854 E. Lanark Street, Meridian, Idaho  83642.

4.  Defendant, Safeco Insurance Company of America, Inc., is a Washington corporation, with its principal place of business at 14610 East Sprague, Spokane, WA 99216-2199.  It is primarily in the business of insurance and in this case acted as the payment surety on behalf of RCSI.

## VENUE AND SUBJECT MATTER JURISDICTION

5.  This Court has exclusive subject matter jurisdiction of this action because it arises under the Miller Act, 40 U.S.C. § 270a et seq.  Pursuant to 40 U.S.C. § 270(b)b, this action must be brought in the United States District Court in which "the contract was to be performed and executed and not elsewhere."  By its terms, the contract was to be performed in the District of Nebraska.

6.  Venue is proper pursuant to 40 U.S.C. § 270(b)b of the Miller Act.

## FACTUAL ALLEGATIONS

7. Use Plaintiff hereby realleges and incorporates the allegations of Paragraphs 1 through 6, inclusive, as if fully set forth herein.

8. On or about June 9, 2000, RSCI was awarded by the United States Army Corps of Engineers, Seattle District, the contract to be the general contractor for Contract DACA67-00-D-0202 DO#0001, MATOC FFP-00-MCAF, FY2000 Dormitory, Offutt AFB, NE, Ft. Crook Area Office, Attn: Mark R. Herse, USACE P.O. Box 13287, Offutt AFB, NE 68113 (hereinafter, the "Project"). The Project is a "public work of the United States" within the meaning of 40 U.S.C. § 270a(a). The principal sum of the contract exceeds $100,000.

9. On or about June 9, 2000, pursuant to the provisions of 40 U.S.C. § 270a, RSCI obtained for the Project from Safeco, Payment Bond No. 6054473, and delivered the same to the United States of America. The penal sum of the payment bond was $8,799,428.00. A true and accurate copy of the payment bond is attached hereto as Exhibit 'A' and incorporated herein by this reference. In accord with the Miller Act, the payment bond was for the protection of all persons supplying labor or materials in the prosecution of the work on the Project pursuant to RSCI's contract with the United States. AWSW is such a person. As RSCI's surety, Safeco is obligated to guarantee payment to the subcontractors, including AWSW.

10. Despite being awarded the contract for the Project in June 2000, it was not until on or about June 25, 2001, that AWSW received from RSCI the subcontract which AWSW was expected to sign and return to RSCI.

11. On or about June 28, 2001, Mark Braunschweig, President of AWSW,

signed subcontract No. 296-018, with RSCI. The subcontract was in the total amount of $208,835.00.

12. Said subcontract provided that AWSW would supply and install aluminum storefronts, aluminum window systems, and curtain wall for the Project, and provide all labor, material, and equipment required for the same, all as more specifically set forth in the subcontract.

13. On or about December 10, 2001, AWSW crews began work at the Project site in Nebraska. The last day AWSW provided labor or materials to the Project site was March 21, 2002. This action is timely brought pursuant to 40 U.S.C. § 270(b)b, as it is brought within one year of the last day AWSW provided labor or materials to the Project.

14. RSCI has refused to pay to AWSW the full amount due under the Subcontract. There remains due and owing to AWSW under the subcontract $79,027.80. This amount is composed of $57,056.93 in past due amounts, $10,441.75 in improperly retained funds, and $11,529.12 in extra labor, material and costs due to RSCI's installation of sheetrock that interfered with AWSW's window installation. Use Plaintiff has made written demand of RSCI for payment of this amount.

15. AWSW fully performed its obligations under the subcontract but has been wrongfully denied full payment.

## COUNT I--MILLER ACT

16. Use Plaintiff hereby realleges and incorporates the allegations of Paragraphs 1 through 15, inclusive, as if fully set forth herein.

17. As RSCI's payment surety, Safeco is liable to AWSW pursuant to the

provisions of the Miller Act and the payment bond in the same manner as RSCI is liable to AWSW.

**WHEREFORE**, Use Plaintiff prays that the Court enter judgment against the defendants jointly and severally and award AWSW $79,027.80 in damages for the amounts due and owing pursuant to the subcontract; pre-judgment and post-judgment interest as allowed by law; its costs in bringing this action; and for all such other, further, and different relief as is appropriate under the circumstances.

## COUNT II--BREACH OF CONTRACT

18. Use Plaintiff hereby realleges and incorporates the allegations of Paragraphs 1 through 17, inclusive, as if fully set forth herein.

19. Pursuant to the subcontract, AWSW was to be paid $208,835.00 for its materials, labor and costs of performance.

20. RSCI has failed or refused to pay the full amount of the subcontract for no valid reason.

21. By its refusal or failure to pay, RSCI is in material breach of the subcontract.

22. As a direct and proximate result of RSCI's refusal to pay, AWSW has been damaged in an amount not less than $79,027.80.

**WHEREFORE**, Use Plaintiff prays that the Court enter judgment against the defendants jointly and severally and award AWSW $79,027.80 in damages for the amounts due and owing pursuant to the subcontract; pre-judgment and post-judgment interest as allowed by law; its costs in bringing this action; and for all such other, further, and different relief as is appropriate under the circumstances.

## COUNT III--QUANTUM MERUIT

23. Use Plaintiff hereby realleges and incorporates the allegations of Paragraphs 1 through 22, inclusive, as if fully set forth herein.

24. RSCI, or one or more of its other subcontractors, installed sheetrock on the Project which interfered with AWSW's installation of the window systems including requiring AWSW to install the windows from the exterior of the buildings at the Project site. AWSW was required to rent "lifts" for its laborers to perform the exterior installation. This was not included in the original subcontract. Further, AWSW was required to incur greater labor costs as a direct result of the sheetrock installation.

25. Prior to installation of the sheetrock, AWSW notified RSCI as to the proper installation of the sheetrock so it would not interfere with AWSW's window installation.

26. As a direct and proximate result of RSCI's faulty sheetrock installation, AWSW incurred $11,529.12 in extra labor, material and rental costs which it would not otherwise have incurred. This amount constitutes the reasonable value of the added costs incurred by AWSW.

**WHEREFORE**, Use Plaintiff prays that the Court enter judgment against the defendants jointly and severally and award AWSW $11,529.12 in damages for the additional labor, material and rental costs it incurred as a direct result of RSCI's actions; pre-judgment and post-judgment interest as allowed by law; its costs in bringing this action; and for all such other, further, and different relief as is appropriate under the circumstances.

## COUNT IV--UNJUST ENRICHMENT

27. Use Plaintiff hereby realleges and incorporates the allegations of Paragraphs 1 through 27, inclusive, as if fully set forth herein.

28. AWSW has conferred a benefit on RSCI by fully performing its obligations under the subcontract.

29. RSCI has failed to pay to AWSW the reasonable value of the benefit conferred by refusing to pay $79,027.80 due AWSW.

30. As a direct and proximate result of its refusal to pay, RSCI has been unjustly enriched in the amount of $79,027.80.

**WHEREFORE**, Use Plaintiff prays that the Court enter judgment against the defendants jointly and severally and award AWSW $79,027.80 in damages; pre-judgment and post-judgment interest as allowed by law; its costs in bringing this action; and for all such other, further, and different relief as is appropriate under the circumstances.

Dated this __ day of March, 2003.

## PLACE OF TRIAL AND WAIVER OF JURY

Plaintiff respectfully requests that trial of this action be held to the Court without a jury, in Omaha, Nebraska.

UNITED STATES OF AMERICA for the use of ARCHITECTURAL WINDOW SYSTEMS, INC., a Washington Corporation, a/k/a ALUMINUM WINDOW SYSTEMS OF WASHINGTON, Plaintiff

By: s/Thomas E. Johnson
   Thomas E. Johnson (#12089)
   Patrick J. Ickes (#21362)
of BAIRD, HOLM, McEACHEN, PEDERSEN, HAMANN & STRASHEIM LLP
   1500 Woodmen Tower
   Omaha, Nebraska 68102-2068
   402-344-0500

   Attorneys for Plaintiff

DOCS/544242.1

8